# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **CEDRIC D. BURROUGHS, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No.: 1:08-CV-1239-VEH |
| | ) |
| **HONDA MANUFACTURING OF ALABAMA, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

### I.   Introduction

This lawsuit arises under the Fair Labor Standards Act ("FLSA"). (Doc. 1). On June 29, 2011, the court entered an order (Doc. 122) granting in part and denying in part Defendant Honda Manufacturing of Alabama, LLC's ("HMA") Motion to Compel Responses to Discovery and Dismiss Claims of Plaintiffs Who Fail to Respond (Doc. 117) filed on June 16, 2011. (*See* Doc. 122 at 1 ¶ 1("For good cause shown, the court **GRANTS** the Motion To Compel and **ORDERS** all the Plaintiffs listed in Paragraph 4 of Defendant's motion . . . .")); (*id.* at 2 ¶ 2 ("The court **DENIES** as premature the Motion insofar as it asks the court to dismiss the claims of those Plaintiffs who fail to respond, without prejudice to re-filing at a later date if the Defendant can demonstrate

a clear record of delay and 'willful contempt.'" (quoting *Gratton v. Great Am. Comm'cns*, 178 F.3d 1373, 1374 (11th Cir. 1999))).

This matter is now before the court on HMA's Motion to Dismiss Plaintiffs Who Failed to Comply with Court Order (the "Motion") (Doc. 123), filed on July 20, 2011. On July 21, 2011, the court entered a show cause order (Doc. 126) on the Motion. Plaintiffs filed their response (Doc. 127) on July 27, 2011.

**II.     Analysis**

Pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, the Motion seeks to have this court "dismiss with prejudice the claims of those plaintiffs who failed to respond to HMA's First Interrogatories and Request for Production of Documents after being compelled by the Court [to do so]." (Doc. 123 ¶ 7). These fifty-five plaintiffs consist of two groups: those who failed to provide any discovery responses at all, as well as those who failed to provide signed responses to the interrogatories by July 15, 2011:

### Group One

1. Vernon DeWayne Allredge
2. Angela Blair
3. Danny Joe Bonds
4. Jason Boswell
5. Marvis Brown
6. Jonathan Butler
7. Rachael Butler

8. Tim Butts
9. Sarah Byrd
10. Robert Craft
11. Sherry Cromer
12. John Crowe
13. Marcus Forman
14. Henry Glover
15. Sherman Gray
16. Harman Hardy
17. Scott Houston
18. Larry Jenkins
19. Devoris Johnson
20. Randy Langley
21. Darryl Lewis
22. Cecil Monroe
23. Jimmy Olds
24. Randall Payne
25. Tonya Roberson
26. Angela Rogers
27. Rutelia Rowe
28. David Sertes
29. Renauld Smith
30. Jamie Stevenson
31. Christopher Thomas
32. Yolanda Turner
33. Lekia Wallace
34. James Warren
35. Wesley Woods
36. Darrien Wright
37. Katrina Wright
38. Ricky Yeardon

## **Group Two**

39. Robert Ashley
40. Charlotte Avery
41. George Beason

42. Linda Bridges-Young
43. Maureen Byars
44. Stephanie Calhoun
45. Maggie Daniels
46. Vicki Jolynn Davis
47. Roland Lamar Falkner
48. Aretha Marbury
49. Charles McKay
50. Marion Mickler
51. Kathy Mitchell
52. John Nix
53. Jonathan Patterson
54. Willie Ann Wilson
55. Richard Wingo

(Doc. 123 ¶ 4.a - 4.b).

Plaintiffs do not dispute the non-compliance of this collection of opt-in plaintiffs. Instead, they explain their efforts to reach all opt-in plaintiffs in an attempt to meet the July 15, 2011, deadline and then suggest that the court "is not required to dismiss the non-responsive opt-in plaintiffs because of their passive status and [that] it is not a sound exercise of discretion to do so." (Doc. 127 at 2).

"Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *See Gratton*, 178 F.3d at 1374 (emphasis added). Neither side has referred this court to any on-point (*i.e.*, addressing the issue of FLSA opt-in plaintiffs with overdue discovery obligations and an outstanding order compelling responses thereto)

4

controlling case authority. The court is similarly unaware of any such binding precedent.

Having studied all arguments presented by the parties and weighing the competing interests, the court, in its discretion, concludes that a dismissal of these fifty-five opt-in plaintiffs without prejudice is the appropriate measure for it to take. (*See* Doc. 127 at 19 ("If there is any dismissal of some or all of the opt-ins targeted by Defendant, the dismissals should be without prejudice.")); *see also Briggins v. Honda Manufacturing of Alabama, LLC*, No. 1:08-CV-1861-KOB, (Doc. 103 ¶ 1 at 2) (N.D. Ala. Sept. 2, 2011) ("The thirty-one opt-in plaintiffs, listed immediately below, are hereby DISMISSED WITHOUT PREJUDICE for failure to comply with discovery orders under Fed. R. Civ. Pro. 37(b) and for failure to prosecute under Fed. R. Civ. Pro. 41(b)[.]").[1]

## III. Conclusion

Accordingly, HMA's Motion is **GRANTED** as modified herein, and the claims of the fifty-five opt-in plaintiffs listed above are **HEREBY DISMISSED WITHOUT**

---

[1] In *Briggins*, HMA similarly sought to dismiss non-compliant opt-in plaintiffs <u>with prejudice</u>. *See id.* (Doc. 91 at 6) (N.D. Ala. July 29, 2011) ("HMA requests that the Court dismiss with prejudice the claims of those plaintiffs who failed to respond to HMA's First Interrogatories and Request for Production of Documents after being compelled by the Court.").

**PREJUDICE** due to their failure to timely respond to outstanding discovery as previously ordered by the court and/or to otherwise properly prosecute their case.

**DONE** and **ORDERED** this the 7th day of October, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge