IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CEDRIC D. BURROUGHS, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) Case No.: 1:08-CV-1239-VEH |
| | ) |
| HONDA MANUFACTURING OF ALABAMA, LLC, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

**I.  Introduction**

    This lawsuit arises under the Fair Labor Standards Act ("FLSA"). (Doc. 1). On July 29, 2011, Defendant Honda Manufacturing of Alabama, LLC ("HMA") filed a Motion to Dismiss (Doc. 132) (the "Motion") relating to "opt-in plaintiffs who failed to attend depositions properly noticed under Rule 30 of the Federal Rules of Civil Procedure[.]" (*Id.* at 1). On August 16, 2011, Plaintiffs filed their response to the Motion. (Doc. 144). HMA followed with its reply (Doc. 147) on August 23, 2011.

**II.  Analysis**

    Pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, HMA's Motion seeks to dismiss the following seven opt-in plaintiffs on the basis that they

failed to attend their deposition as noticed by HMA: Tamera Epps, Sharon Kelly, Jonathan D. Jones, Anthony Hines, Brian Turner, Sherron Timpsey, and Anthony McDonald. (Doc. 132 at 1). While the Motion does not clarify whether HMA seeks a with or without prejudice dismissal (*see generally* Doc. 132), Plaintiffs have construed the Motion as one requesting a without prejudice dismissal (Doc. 144 at 1) and, in filing its reply, HMA does not dispute this. (*See generally* Doc. 147).

In their opposition, Plaintiffs do not factually contest that they failed to attend their depositions. Instead, they argue that "[d]ismissal and other sanctions under Rule 37(b) cannot be entered until after an order compelling a response by a date certain has been entered" and further that "involuntary dismissal is disfavored and is granted sparingly under Rule 41(b)." (Doc. 144 at 1).

One of the cases that Plaintiffs rely upon is *United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997). In *Route 1*, the claimants maintained in part that the district court had abused its discretion "in striking [their] claims as a discovery sanction . . . because (1) there had been no order of the court compelling discovery, the violation of which could give rise to dismissal of claims or entry of default judgment . . . ." *Id.* at 1316.

The Eleventh Circuit concluded that the district court had committed error and explained:

2

We previously have stated that, although Rule 37 confers upon district court judges broad discretion to fashion appropriate sanctions for the violation of discovery orders, *see Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993), this discretion is not unbridled. *Wouters v. Martin County*, 9 F.3d 924, 933 (11th Cir. 1993). The decision to dismiss a claim or enter default judgment "<u>ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders</u>." *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986).

It is undisputed that the court imposed sanctions in this instance under Rule 37 notwithstanding the fact that no discovery order compelling the claimants to produce the requested discovery had issued; similarly, the government concedes that it had not filed a motion to compel prior to requesting sanctions. We consistently have found Rule 37 sanctions such as dismissal or entry of default judgment to be appropriate, however, only "where the party's conduct amounts to flagrant disregard and willful disobedience of discovery orders." *Buchanan v. Bowman*, 820 F.2d at 361 (emphasis added) (internal quotation marks omitted). *See also Wouters*, 9 F.3d at 933 ("We have consistently held that while district courts have broad powers under the rules to impose sanctions for a party's failure to abide by court orders, dismissal is justified only in extreme circumstances and as a last resort.") (emphasis added); *Cox*, 784 F.2d at 1556 ("The decision to dismiss a claim, like the decision to enter default judgment, ought to be a last resort-ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders.") (emphasis added); *Adolph Coors Co. v. Movement Against Racism*, 777 F.2d 1538, 1542 (11th Cir. 1985) (same); *Malautea*, 987 F.2d at 1542 ("[A] default judgment sanction requires a willful or bad faith failure to obey a discovery order. . . . Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal.") (emphasis added) (citation omitted).

<u>The government correctly notes that Rule 37, on its face, does not require that a court formally issue an order compelling discovery before sanctions are authorized.</u> The district court's discretion to fashion

> appropriate sanctions under Rule 37, however, is guided by judicial interpretation of the rule. *Malautea*, 987 F.2d at 1542. <u>The government has neither cited nor alleged the existence of decisional law from this circuit upholding Rule 37 sanctions in the absence of a court order compelling discovery.</u> We question whether a finding of willful, bad faith noncompliance with the government's discovery requests finds support in the record in this case; more importantly, though, <u>the absence of either a motion to compel filed by the government or an order of the court compelling discovery, the violation of which might implicate Rule 37, rendered inappropriate the imposition of the types of sanctions levied here</u>.

*Route 1*, 126 F.3d at 1317-18 (emphasis added). Likewise, "[d]ismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." *See Gratton v. Great Am. Comm'cns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

In its reply, HMA first argues that Plaintiffs' opposition should be stricken as untimely and that therefore its Motion should be granted as unopposed. (Doc. 147 at 2). While the court agrees with HMA that Plaintiffs' opposition was filed outside of the briefing schedule set forth in Exhibit B (Doc. 53), the court excuses Plaintiffs' lateness and addresses the Motion on the merits.

Secondarily, HMA contends that Plaintiffs' failure to attend their depositions is significantly different than neglecting to respond to paper discovery such that obtaining a prior discovery order (or at least moving to compel) is not an essential prerequisite to obtaining a dismissal under Rule 37(d) or Rule 41(b). (Doc. 147 at 3, 5). One of

4

the cases that HMA relies upon in support of this proposition is *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344 (11th Cir. 2008).

However in *Fitel*, and unlike the situation here, the non-sanctioned party "did move the court, alternatively to its motion for sanctions, for an order compelling Fitel to produce the records substantiating its attorney's fees claim." 549 F.3d at 1366 n.23. "The district court also found that Fitel's conduct evinced a strategy by Fitel and/or its counsel of 'we're going to make the judge order us to' produce the attorney's fees documents." *Fitel*, 549 F.3d at 1366. The record here stands in sharp contrast.

Additionally, none of the other non-binding authorities relied upon by HMA persuades this court that an appropriate exercise of discretion would be to dismiss Plaintiffs' claims with prejudice when no motion to compel their attendance at a deposition has been filed by HMA, much less an order compelling them to attend depositions has been entered by the court. Certainly, HMA points to no on-point "decisional law from this circuit" in which a court has dismissed an opt-in plaintiff for her failure to attend her deposition in the absence of a prior motion to compel or order compelling such attendance. Finally, to the extent that HMA contends that is has been prejudiced financially (Doc. 147 at 6-7), it could have filed a motion for sanctions seeking reimbursement for those costs, but elected instead to seek the sanction of dismissal.

## III. Conclusion

Accordingly, HMA's Motion is **DENIED**.

**DONE** and **ORDERED** this the 7th day of October, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge