IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CEDRIC D. BURROUGHS, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No.: 1:08-CV-1239-VEH |
| | ) |
| **HONDA MANUFACTURING OF ALABAMA, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.    Introduction**

This lawsuit arises under the Fair Labor Standards Act ("FLSA"). (Doc. 1). On August 3, 2011, Defendant Honda Manufacturing of Alabama, LLC ("HMA") filed a Motion to Dismiss (Doc. 135) (the "Motion") relating to "opt-in plaintiffs who have either never been employed by HMA or whose claims in this action are barred by the statute of limitations[.]" (*Id.* at 1). On August 24, 2011, Plaintiffs filed their response to the Motion. (Doc. 150). HMA followed with its reply (Doc. 157) on September 6, 2011.

**II.    Analysis**

HMA's Motion seeks to dismiss the following list of twenty-four opt-in

plaintiffs: Justin Crenshaw, Kimberley Gibson, Wendy K. Adams Snider, Tiffany Williams, Eddie Carlyton, Jr., John Haskins, Freida Paulette Abernathy, Arthur Barclay, Henry Burton, Scott Patrick Gibson, Cecil Doyle Harris, Darlene Hawkins, William R. Henderson, John Lynch, Tommy Norris, Wanda F. Prentice, Frank E. Shelly, John H. Smith, William R. Smith, Anna Marie Taylor, Sean C. Thomas, Linda Joyce Waldrop, Kevin Walford, and Rebecca Warmack.  (Doc. 135 at 1-2).

In their opposition, Plaintiffs indicate that they "have been unable to make contact with John Haskins" and that "his name does not show up on the class notice list provided by [HMA] in this matter or the class notice list provided by [HMA] in [*Briggins v. Honda Manufacturing of Alabama, LLC*, No. 1:08-CV-1861-KOB (N.D. Ala.)]."  (Doc. 150 at 3-4).

Plaintiffs also point out that three of the above opt-in plaintiffs are former employees of HMA, but their names were misspelled, and therefore are not subject to dismissal.  They are Kimberly Turner Gibson (not Kimberley Gibson), Windy Adams Snider (not Wendy K. Adams Snider), and Eddie Garlington, Jr. (not Eddie Carlyton, Jr.).  (Doc. 150 at 4); *see also* (Doc. 150-1 ¶¶ 2-3, 5); (Doc. 150-2 at 1-3).

With respect to opt-in plaintiffs Justin Crenshaw and Tiffany Williams, Plaintiffs agree that they were never employees of HMA, but state that they were employees of the temporary staffing company Elwood Staffing, Inc. ("Elwood"), co-defendant with

HMA in the *Briggins* lawsuit, and ask the court to deny the Motion and "allow them 10 day[s] from the entry date of an Order to file their consents in *Briggins* as if [they] were filed in *Briggins* as of the dates they filed their consents in this matter." (Doc. 150 at 5).

As for HMA's statute of limitations defense, Plaintiffs concur that the following opt-in plaintiffs should be dismissed with prejudice: Freida Paulette Abernathy, Arthur Barclay, Scott Patrick, Cecil Doyle Harris, Darlene Hawkins, William R. Henderson, John Lynch, Tommy Norris, Wanda F. Prentice, Frank E. Shelly, John H. Smith, William R. Smith, Anna Marie Taylor, Sean C. Thomas, Linda Joyce Waldrop, Kevin Walford, and Rebecca Warmack. (Doc. 150 at 5-6).

Plaintiffs then suggest that with the exception of the immediately proceeding list of opt-in plaintiffs and John Haskins, "the granting of summary judgment or dismissal with prejudice is inappropriate because the remaining opt-ins have worked for Defendant within the relevant time period." (Doc. 150 at 6). However, as explained above, the record substantiates and Plaintiffs concede that neither Justin Crenshaw nor Tiffany Williams ever worked for HMA, the sole defendant in this collective action.

In its reply, HMA withdraws its Motion with respect to Kimberly Turner Gibson, Windy Adams Snider, and Eddie Garlington, Jr. (Doc. 157 at 2). HMA also "does not oppose allowing [Justin Crenshaw and Tiffany Williams] ten (10) days to file consents

3

to join the [*Briggins* lawsuit]" in light of the evidence of their employment with Elwood. HMA continues that "[s]hould these plaintiffs fail to join the *Briggins* matter within the allotted time, their claims are due to be dismissed with prejudice." (Doc. 157 at 2). Thus, by virtue of the briefing process, the parties have reached consensus on most of the issues raised by HMA's Motion.

### III. Conclusion

Accordingly, HMA's Motion, as modified by its reply and by this court, is **GRANTED**. More specifically, the claims of the following opt-in plaintiffs are with Plaintiffs' consent **HEREBY DISMISSED WITH PREJUDICE**: Freida Paulette Abernathy, Arthur Barclay, Scott Patrick, Cecil Doyle Harris, John Haskins, Darlene Hawkins, William R. Henderson, John Lynch, Tommy Norris, Wanda F. Prentice, Frank E. Shelly, John H. Smith, William R. Smith, Anna Marie Taylor, Sean C. Thomas, Linda Joyce Waldrop, Kevin Walford, and Rebecca Warmack.

As for opt-in plaintiffs Justin Crenshaw and Tiffany Williams, their claims are **HEREBY DISMISSED WITHOUT PREJUDICE** from this lawsuit and **WITHOUT PREJUDICE** to their seeking opt-in status in the *Briggins* lawsuit. However, whether either or both will be allowed to participate in the *Briggins* litigation is for that court to decide, not this one. If Justin Crenshaw and Tiffany Williams fail to join in the *Briggins* case within ten days of the entry date of this order, then HMA

may notify this court of that procedural fact and seek a with-prejudice dismissal of their claims at that time.

**DONE** and **ORDERED** this the 7th day of October, 2011.

                                                      **VIRGINIA EMERSON HOPKINS**
                                                      United States District Judge