IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CEDRIC D. BURROUGHS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No.: 1:08-CV-1239-VEH |
| ) | |
| **HONDA MANUFACTURING OF** ) | |
| **ALABAMA, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

This lawsuit arises under the Fair Labor Standards Act ("FLSA"). (Doc. 1). On July 27, 2011, Defendant Honda Manufacturing of Alabama, LLC ("HMA") filed a Motion for Summary Judgment Regarding Opt-In Plaintiffs Who Failed to Disclose Claims Against HMA in Bankruptcy Petitions (Doc. 128) (the "Motion") on the grounds that "their claims are barred by judicial estoppel." (*Id.* at 2). HMA also filed its materials in support of the Motion on July 27, 2011. (Docs. 129, 130).

The 101 opt-in plaintiffs specifically named in the Motion are:

Danita Agee, Christi Ash, Robert Ashley, Veronica Baker, Gregory Barkley, Wade Barlow, Andrew Billings, Bryan Bostick, Garrett Bowker, Marvin Boyd, Linda Bragg, Jeff Brown, Arthur Buckner, Jr.,

Arthur Christian, Wendy Clark, Danny Clevenger, Debra Cochrum, Reginald Cockrell, Miles Collins, Nathan Cook, Jr., Leroy Cowden, Elvis Cox, John Crowe, Timitra Daniel, James Davis, Vicki Davis, Linda Dodgen, Michael Donald, Barry Duncan, Jackie Dupree, Tim Ellett, Tammy Felter, Darryl Fennel, Joseph Finley, Detrick Foster, Eddie Garlington, Henry Glover, James Goetz, Cherrie Gonzales, Shannon Goodson, Felicia Gray, Glynis Gray, Charles Green, Willie Hall, Ladonna Hampton, William Hayes, Tim Hendrix, Lisa Hicks, Anthony Hines, Malcolm Howard, Rebecca Hurst, Devoris Johnson, Larry Jones, Jr., Lee Jones, Lorri Jones, Tracy Key, Quentin Lee, James Letinich, David Littlejohn, Renita Littles, Jose Lomeli, Eric Mabry, Brenda Machen, Melinda Mayfield, Jerry McCrelles, Margaret Mostella, Rodney Oden, Larry Orr, Carl Osborne, Jonathan Patterson, Kenneth Patton, Donald Peterson, LaDonna Phillips, Frankie Pinson, Billy Pope, Jr., Eldrid Primm, Brenda Putt, Aaron Reaves, Mitzie Redwine, Gregory Rice, Cathy Robertson, Terry Rogers, Vera Sanders, Leslie Shack, John Short, Gregory Sims, Marlon Spencer, Susan Spurling, Anthony Stamps, Reginald Stamps, Virginia Stockdale, Sherman Stubbs, Dorothy Taylor, Valencia Vincent, Celeste Virges, Arthur Welch, Terry Wesson, Jimmy Wilkins, Jr., Judith Williams, Tommy Williams, and Charles Wilson, Jr.

(Doc. 128 at 1-2).

On August 4, 2011, Plaintiffs filed their opposition to the Motion. (Docs. 142, 143). HMA followed with its reply (Doc. 152) on August 29, 2011. Accordingly, the Motion is now under submission and for the reasons explained below is **GRANTED IN PART** and otherwise is **DENIED**.

## II. BACKGROUND[1]

On July 14, 2008, Plaintiff Cedric Burroughs filed a complaint alleging that HMA violated the overtime provisions of the FLSA.[2] The court conditionally certified this action on April 6, 2009. Notice was issued to potential opt-in class members. 1,243 opt-in plaintiffs have filed consents to join this action.

The Public Access to Court Electronic Records (PACER) system for the federal United States District Courts shows that at least one hundred and one (101) opt-in plaintiffs failed to disclose their claims against HMA in their bankruptcy pleadings. Fifty-nine (59) opt-in plaintiffs filed for bankruptcy under either Chapter 7 or Chapter 13 of the United States Bankruptcy Code after filing their consents to join this action

---

[1] Keeping in mind that when deciding a motion for summary judgment the court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion, the court provides the following underlying facts. *See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1241 (11th Cir. 2007) (observing that, in connection with summary judgment, a court must review all facts and inferences in a light most favorable to the non-moving party). This statement does not represent actual findings of fact. *See In re Celotex Corp.*, 487 F.3d 1320, 1328 (11th Cir. 2007). Instead, the court has provided this statement simply to place the court's legal analysis in the context of this particular case or controversy.

[2] These facts are taken from HMA's brief in support of its Motion, most of which Plaintiffs have indicated they do not dispute. (*Compare* Doc. 129 at 2-5 *with* Doc. 142 at 2).

and failed to disclose their claims against HMA in their bankruptcy schedules.[3]

Forty-two (42) opt-in plaintiffs filed their opt-in consents to join this action after petitioning for bankruptcy under either Chapter 7 or Chapter 13 of the United States Bankruptcy Code and failed to amend their bankruptcy petitions to add their claims asserted against HMA.[4] Twenty-six (26) of the one hundred and one (101) plaintiffs who failed to properly disclose their claims against HMA filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code. Notably, some plaintiffs, including Michael Fitts, properly disclosed their claims against HMA on their bankruptcy petitions or amended their petitions to include their claims in this action.

## III. STANDARD

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R . Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th

---

[3] Plaintiffs disagree with this division by HMA and counter that there are instead 60 pre-bankruptcy opt-ins and 41 post-bankruptcy opt-ins. (Doc. 142 at 6). HMA replies that this dispute in numbers is not material to the merits of its judicial estoppel defense. (Doc. 152 at 1-2 & n.2).

[4] *See supra* note 3.

Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine issue for trial.'" *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Finally, "[i]f the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense." *International Stamp*, 456 F.3d 1270, 1275 (11th Cir. 2006) (citing *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

## IV.   ANALYSIS

HMA's Motion seeks to dismiss 101 opt-in plaintiffs. HMA breaks down this group into 59 pre-bankruptcy opt-ins (*i.e.*, persons who filed their FLSA opt-ins before filing for bankruptcy protection) and 42 post-bankruptcy opt-ins (*i.e.*, persons who filed their FLSA opt-ins after filing for bankruptcy protection). (Doc. 129 at 8-9).

HMA contends that regardless of whether these opt-in plaintiffs filed for

protection under Chapter 7 or Chapter 13, their claims are barred by judicial estoppel. HMA additionally argues that for those opt-ins who have filed under Chapter 7, they lack standing to pursue their claims against it; instead, any litigation may not proceed without the participation or authorization of the bankruptcy trustee, the real party in interest. (Doc. 129 at 12). The court addresses the parties' positions relating to standing first.

### A. Standing

The Motion asserts that 26 Chapter 7 debtors lack standing to pursue their FLSA claims against HMA. (Doc. 129 at 5 ¶ 6). Plaintiffs respond that Chapter 7 opt-ins who worked for HMA after they filed their petitions, retain standing to pursue FLSA violations against HMA. (Doc. 142 at 18-19). HMA replies by "respectfully withdraw[ing] its motion for summary judgment for lack of standing against plaintiffs Bryan Bostick, Devoris Johnson, Terry Roger[s], and Marlon Spencer."[5] (Doc. 152 at 8 n.14); (Doc. 142 at 19 n.11 (same list of opt-in plaintiffs noted by Plaintiffs)).

Thus, as modified by its reply, HMA seeks to dismiss the claims of 22 opt-ins for lack of subject matter jurisdiction. As for this subset of opt-ins, the court agrees with HMA that they lack standing to pursue their claims because they are not the real

---

[5] Terry Rogers's opt-in form (*see* Doc. 16 at 44), filed on August 14, 2008, confirms that his last name ends in an "s".

parties in interest as a result of their Chapter 7 debtor status.

As this court has previously recognized regarding standing in the context of Chapter 7 bankruptcy cases:

> "'[S]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.'" *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (citations omitted). "'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.'" *Bochese*, 405 F.3d at 974. "Standing is a doctrine that 'stems directly from Article III's "case or controversy" requirement,' and thus it 'implicates our subject matter jurisdiction.'" *Bochese*, at 974. (citations omitted). "In fact, standing is 'perhaps the most important' jurisdictional doctrine, and, as with any jurisdictional requisite, [the court is] powerless to hear a case when it is lacking." *Id.* (citations omitted).
>
> Fed. R. Civ. P. 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3).

*Alfinda v. GMAC Mortgage, LLC*, No. 1:10-CV-2196-VEH (Doc. 16 at 3) (N.D. Ala. Oct. 25, 2010).

The court further observed in *Alfinda*:

> Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it. *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003). Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest

7

> in the bankruptcy estate upon the filing of a bankruptcy petition. 11 U.S.C. § 541(a)(1) (providing that the bankruptcy estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case"). Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case. *Barger*, 348 F.3d at 1292. Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate. 11 U.S.C. § 323; *Barger*, 348 F.3d at 1292.
>
> Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code. *See* 11 U.S.C. § 554(a)-(c). At the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate. 11 U.S.C. § 554(d). Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate. *Mobility Systems & Equip. Co. v. United States*, 51 Fed. Cl. 233, 236 (Fed. Cl. 2001) (citing cases); *see Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 525-26 (8th Cir.1991).

(Doc. 16 at 3-4 (quoting *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1972 (11th Cir. 2004)); *see also Alfinda v. GMAC Mortgage, LLC*, No. 1:10-CV-3297-VEH (Doc. 5 at 3, 4-5 (adopting as persuasive authority decision in *Alfinda*, No. 1:10-CV-2196-VEH, and dismissing second *Alfinda* lawsuit for lack of subject matter jurisdiction) (N.D. Ala. Dec. 2, 2010)).

Accordingly, and consistent with the above cited authorities, the FLSA claims of the following list of opt-in plaintiffs are **HEREBY DISMISSED WITHOUT PREJUDICE** due to lack of subject matter jurisdiction: (1) Wade Barlow; (2)

Marvin Boyd; (3) Linda Bragg; (4) Danny Clevenger; (5) Debra Cochrum; (6) Tim Ellett; (7) Felicia Gray; (8) Charles Green; (9) Tim Hendrix; (10) Lisa Hicks; (11) Malcolm Howard; (12) Tracy Key; (13) David Littlejohn; (14) Renita Littles; (15) Melinda Mayfield; (16) Jerry McCrelles; (17) Aaron Reaves; (18) John Short; (19) Gregory Sims; (20) Valencia Vincent; (21) Arthur Welch; and (22) Charles Wilson, Jr. (Doc. 130-1 ¶¶ 11, 15-16, 21-22, 36, 46, 48, 52-53, 55, 61, 64-65, 69-70, 83, 90-91, 99-101, 106).

### B. Judicial Estoppel

As explained below, the court concludes that most of the remaining 79 opt-ins referenced in the Motion are precluded by judicial estoppel from pursuing their FLSA claims against HMA.

"Judicial estoppel is an equitable doctrine invoked at a court's discretion." *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1285 (11th Cir. 2002). The Supreme Court has observed that the "purpose [of judicial estoppel] is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment . . . ." *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S. Ct. 1808 at 1814, 149 L. Ed. 2d 968 (2001) (internal citations and quotation marks omitted). The defense involves a two-part test. *Burnes*, 291 F.3d at 1285. "First, it must be shown that the allegedly inconsistent positions were made

9

under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." *Id.*

In their opposition, Plaintiffs indicate that judicial estoppel is a flexible rule and suggest that the opt-in plaintiffs did not take inconsistent positions under oath by "simply sign[ing] a form indicating they wanted to be part of the class." (Doc. 142 at 8). Plaintiffs relatedly maintain that, because "[t]he opt-in forms had none of the formalities of filing a charge with the EEOC or initiating a lawsuit," no "divergent sworn positions" were taken by the opt-in plaintiffs. (Doc. 142 at 7).

Noticeably absent from Plaintiffs' opposition is any authority, much less binding case law, in which a court has distinguished in the context of judicial estoppel, the act of signing an FLSA opt-in form from pursuing an EEOC charge or filing a lawsuit. Additionally, the forms signed by the opt-in plaintiffs undisputedly include the following language: "I swear or affirm that the foregoing Statements are true to the best of my knowledge." (*See, e.g.*, Doc. 6-1 at 1-13); (Doc. 7-1 at 1-22); (Doc. 9-1 at 1-16). Therefore, the court rejects this underdeveloped and unpersuasive argument. *See, e.g., Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that

an argument made without citation to authority is insufficient to raise an issue before the court).

Plaintiffs also contend that HMA's judicial estoppel defense fails because it has not demonstrated cold manipulation on the part of the opt-ins. (Doc. 142 at 8-10). In particular, Plaintiffs point out that several steps have been taken in bankruptcy court in an effort to correct the mistakes made by these opt-ins. (Doc. 142 at 10-11). Further, Plaintiffs clarify that "the inference of [an] intent to manipulate the judicial system is merely permissible, not mandatory." (Doc. 142 at 12 (citing *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1257 (11th Cir. 2010) ("While an estopped party's contradiction must be intentional, such intent may be inferred from the record.")).

The court rejects these related positions. First, the Eleventh Circuit does not require evidence of "cold" manipulation for judicial estoppel to apply. Also, the belated efforts to correct some of the opt-ins' bankruptcy filings do not persuade this court that invoking judicial estoppel would be improper. As the Eleventh Circuit reasoned in applying judicial estoppel to the plaintiff/debtor in *De Leon v. Comcar Indus., Inc.*, 321 F.3d 1289 (11th Cir. 2003):

> De Leon also argues that his effort to reopen his bankruptcy estate is evidence that his omission was inadvertent. *But see Burnes*, 291 F.3d at 1287 (explaining that "'the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their

11

concealment'") (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999)). While Chapter 13 does allow amendments to be made to add after-acquired assets and Chapter 7 does not, De Leon did not make such an amendment even after he filed suit. Despite De Leon's continuing duty to disclose all assets or potential assets to the bankruptcy court, he did not amend his bankruptcy documents to add a potential employment discrimination claim <u>until after Comcar relied on it in its motion to dismiss the case</u>.

> The success of our bankruptcy laws requires a debtor's full honest disclosure. <u>Allowing [plaintiff] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them</u>.

*Burnes*, 291 F.3d at 1288.

<u>Because De Leon certainly knew about his claim and possessed a motive to conceal it because his amount of repayment would be less, we can infer from the record his intent "to make a mockery of the judicial system."</u> *Id.* at 1285-87. In conclusion, because the district court did not err in applying judicial estoppel to De Leon's retaliation and discrimination claims, we affirm its grant of summary judgment to Comcar.

321 F.3d at 1291-92 (emphasis added).

Here, similar to *De Leon*, there is no indication here that <u>any</u> efforts to amend the opt-ins' bankruptcy filings began <u>before</u> HMA pursued its judicial estoppel defense. *See id.* at 1291-92 ("Despite De Leon's continuing duty to disclose all assets or potential assets to the bankruptcy court, he did not amend his bankruptcy

documents to add a potential employment discrimination claim until after Comcar relied on it in its motion to dismiss the case."). Also, the record reflects knowledge on the part of the remaining opt-ins as well as a motive for them to conceal their claims "because [the] amount of repayment would be less," *De Leon*, 321 F.3d at 1292. Therefore, the court infers their intent "to make a mockery of the judicial system." *Id.* (internal quotations omitted) (quoting *Burnes*, 291 F.3d at 1295). The court therefore concludes that judicial estoppel is appropriate as a general matter as to these 79 opt-ins.

However, Plaintiffs argue that, because a subset of these 79 opt-ins received confirmation of their bankruptcy plans before they filed their opt-ins, the members of that subset are not subject to judicial estoppel. (Doc. 142 at 16-17). Plaintiffs further attach a list of those opt-ins "whose bankruptcy plans were confirmed prior to joining the case." (Doc. 142 at 17 (emphasis omitted)); (*see also* Doc. 143-8).[6]

Having studied the relevant binding authorities handed down by the Eleventh Circuit, the court disagrees with Plaintiffs' theory that judicial estoppel should not apply to this subset. The court finds *Robinson* to be particularly instructive in this

---

[6] The 15 opt-ins listed are: (1) Kenneth Patton; (2) Lorri Jones; (3) Sherman Stubbs; (4) James Goetz; (5) Darryl Fennel; (6) Leslie Shack; (7) Wendy Clark; (8) Tommy Williams; (9) Susan Spurling; (10) Garrett Bowker; (11) Leroy Cowden; (12) Eldrid Primm; (13) Jose Lomile; (14) Jackie Dupree; and (15) Michael Donald. (Doc. 143-8).

regard.

In *Robinson*, the Eleventh Circuit found "that judicial estoppel was appropriate" in the context of a time line involving "a second Chapter 13 bankruptcy proceeding" that was "confirmed . . . in May 2002" and a "October 2006 . . . civil lawsuit [brought] against Tyson . . . ." 595 F.3d at 1272.  In affirming the district court's summary judgment ruling in favor of Tyson, the Eleventh Circuit expressly rejected Ms. Robinson's position that "she did not have a continuing duty to disclose her assets to the bankruptcy court," and in summary clarified that "[t]he law is clear that Robinson had a duty to disclose substantial changes in her assets." 595 F.3d at 1274, 1276.  Therefore, in light of *Robinson*, the court finds any confirmation-based exception to the judicial estoppel doctrine to be without merit.  (*See also* Doc. 152 at 7-8 ("Plaintiffs' argument relies on non-binding authority, misunderstanding of cited authority, and ignorance of controlling authority on this issue.") (footnotes omitted)).

Plaintiffs make some additional miscellaneous points which the court finds to be unpersuasive.  For example, Plaintiffs suggest that no motive to conceal exists with respect to  opt-in plaintiff Robert Ashley because his bankruptcy plan proposed to pay back 100% of his creditors. (Doc. 142 at 21).  Plaintiffs also maintain that  the court should not invoke judicial estoppel because HMA will not suffer any "prejudice as a result of these understandable and inadvertent failures to disclose . . . ." (*Id.*).

14

However, Plaintiffs cite to no authority for either one of these propositions, and the court is unaware of any binding precedent that embraces either theory as an exception to judicial estoppel. In fact, concerning Plaintiffs' second contention, the Eleventh Circuit has made it clear that:

> [F]ull monetary repayment does not necessarily preclude a finding of a motive to conceal. *See Burnes*, 291 F.3d at 1286 (concluded that since judicial estoppel is intended to protect the judicial system, those asserting it need not demonstrate individual prejudice). The application of judicial estoppel does not require that the nondisclosure must lead to a different result in the bankruptcy proceeding. *In re Superior Crewboats*, 374 F.3d 330, 335-36 (5th Cir. 2004). Rather, the motive to conceal stems from the possibility of defrauding the courts and not from any actual fraudulent result.

*Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1275 (11th Cir. 2010).

Therefore, the court determines that the claims of all 75 of Chapter 13 opt-ins are barred by judicial estoppel. Specifically excepted from this group are the four remaining Chapter 7 debtors identified above in the court's standing section, *i.e.*, Bryan Bostick, Devoris Johnson, Terry Rogers, and Marlon Spencer.[7]

The court rejects HMA's judicial estoppel defense as to these Chapter 7 discharged opt-ins. (Doc. 130-1 ¶¶ 13, 57, 87, 92). In particular, although the current record is not entirely clear, it appears (due in part to HMA's withdrawal of its stance

---

[7] Although HMA expressly withdrew its Motion with respect to any standing arguments concerning these Chapter 7 opt-ins, it did not do the same thing with respect to judicial estoppel.

on standing with respect to these four Chapter 7 opt-ins), that some or all of them continued to work for HMA after they were discharged in bankruptcy under Chapter 7. Moreover, HMA has not shown evidence of inconsistent positions taken by any of these four Chapter 7 opt-ins during each one's respective post-bankruptcy discharge period. Instead, the evidence of any inconsistencies relied upon by HMA pre-dates the dates of discharge for each of these four opt-ins. (Doc. 130-1 ¶¶ 13, 57, 87, 92).

Additionally, HMA has not satisfactorily responded to Plaintiffs' observation that its Motion fails to "separate the Plaintiffs' claims between those who filed under Chapter 7, yet they continued to work for HMA after the petition was filed and therefore continued to accrue new FLSA claims against the company." (Doc. 142 at 19). In particular, HMA has not cited to any on-point authority in which judicial estoppel was appropriately applied to Chapter 7 debtors in procedurally comparable situations to that of these four opt-ins.

Relatedly, this court's own independent research causes it to question whether an amendment reflecting these opt-ins' potential claims against HMA is even permissible under Chapter 7, given that every one of their opt-in forms were filed subsequent to their bankruptcy petitions. *See De Leon*, 321 F.3d at 1291 ("While Chapter 13 does allow amendments to be made to add after-acquired assets and

16

Chapter 7 does not . . . ."); (*see also* Doc. 130-1 ¶¶ 13, 57, 87, 92).  In sum, HMA has tried unsuccessfully to lump these 4 Chapter 7 opt-ins into the larger group of judicially estopped Chapter 13 opt-ins and has failed to carry its affirmative burden from both a record development and case law standpoint.

Accordingly, and consistent with the above analysis, the FLSA claims of the following list of 75 opt-in plaintiffs are **HEREBY DISMISSED WITH PREJUDICE** due to the doctrine of judicial estoppel:  Danita Agee, Christi Ash, Robert Ashley, Veronica Baker, Gregory Barkley, Andrew Billings, Garrett Bowker, Jeff Brown, Arthur Buckner, Jr., Arthur Christian, Wendy Clark, Reginald Cockrell, Miles Collins, Nathan Cook, Jr., Leroy Cowden, Elvis Cox, John Crowe, Timitra Daniel, James Davis, Vicki Davis, Linda Dodgen, Michael Donald, Barry Duncan, Jackie Dupree, Tammy Felter, Darryl Fennel, Joseph Finley, Detrick Foster, Eddie Garlington, Henry Glover, James Goetz, Cherrie Gonzales, Shannon Goodson, Glynis Gray, Willie Hall, Ladonna Hampton, William Hayes, Anthony Hines, Rebecca Hurst, Larry Jones, Jr., Lee Jones, Lorri Jones, Quentin Lee, James Letinich, Jose Lomeli, Eric Mabry, Brenda Machen, Margaret Mostella, Rodney Oden, Larry Orr, Carl Osborne, Jonathan Patterson, Kenneth Patton, Donald Peterson, LaDonna Phillips, Frankie Pinson, Billy Pope, Jr., Eldrid Primm, Brenda Putt, Mitzie Redwine, Gregory Rice, Cathy Robertson, Vera Sanders, Leslie Shack, Susan Spurling, Anthony

Stamps, Reginald Stamps, Virginia Stockdale, Sherman Stubbs, Dorothy Taylor, Celeste Virges, Terry Wesson, Jimmy Wilkins, Jr., Judith Williams, and Tommy Williams.

However, the Motion is **DENIED** with respect to the claims of Bryan Bostick, Devoris Johnson, Terry Rogers, and Marlon Spencer.

## V. CONCLUSION

Accordingly, HMA's Motion, as modified by its reply, is **GRANTED IN PART** and otherwise is **DENIED**. More specifically, the claims of the following opt-in plaintiffs are **HEREBY DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction: (1) Wade Barlow; (2) Marvin Boyd; (3) Linda Bragg; (4) Danny Clevenger; (5) Debra Cochrum; (6) Tim Ellett; (7) Felicia Gray; (8) Charles Green; (9) Tim Hendrix; (10) Lisa Hicks; (11) Malcolm Howard; (12) Tracy Key; (13) David Littlejohn; (14) Renita Littles; (15) Melinda Mayfield; (16) Jerry McCrelles; (17) Aaron Reaves; (18) John Short; (19) Gregory Sims; (20) Valencia Vincent; (21) Arthur Welch; and (22) Charles Wilson, Jr.

Further, the claims of the following opt-in plaintiffs are **HEREBY DISMISSED WITH PREJUDICE** as barred by judicial estoppel: Danita Agee, Christi Ash, Robert Ashley, Veronica Baker, Gregory Barkley, Andrew Billings, Garrett Bowker, Jeff Brown, Arthur Buckner, Jr., Arthur Christian, Wendy Clark,

Reginald Cockrell, Miles Collins, Nathan Cook, Jr., Leroy Cowden, Elvis Cox, John Crowe, Timitra Daniel, James Davis, Vicki Davis, Linda Dodgen, Michael Donald, Barry Duncan, Jackie Dupree, Tammy Felter, Darryl Fennel, Joseph Finley, Detrick Foster, Eddie Garlington, Henry Glover, James Goetz, Cherrie Gonzales, Shannon Goodson, Glynis Gray, Willie Hall, Ladonna Hampton, William Hayes, Anthony Hines, Rebecca Hurst, Larry Jones, Jr., Lee Jones, Lorri Jones, Quentin Lee, James Letinich, Jose Lomeli, Eric Mabry, Brenda Machen, Margaret Mostella, Rodney Oden, Larry Orr, Carl Osborne, Jonathan Patterson, Kenneth Patton, Donald Peterson, LaDonna Phillips, Frankie Pinson, Billy Pope, Jr., Eldrid Primm, Brenda Putt, Mitzie Redwine, Gregory Rice, Cathy Robertson, Vera Sanders, Leslie Shack, Susan Spurling, Anthony Stamps, Reginald Stamps, Virginia Stockdale, Sherman Stubbs, Dorothy Taylor, Celeste Virges, Terry Wesson, Jimmy Wilkins, Jr., Judith Williams, and Tommy Williams.

In all other respects, the Motion is **DENIED**.

**DONE** and **ORDERED** this the 1st day of November, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge